UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INEZ TILLMAN,<br><br>                              Plaintiff,<br><br>        -against-<br><br>DENIS R. MCDONOUGH, in his capacity as Secretary of Veteran Affairs,<br><br>                              Defendant. | 23-CV-10421 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

*Pro se* plaintiff Inez Tillman sues the Government, alleging that she was unlawfully retaliated against as an employee of the Department of Veteran Affairs after she reported racist practices in a Veterans Affairs clinic. Defendants move for summary judgment, arguing that there is not enough evidence to support a *prima facie* case of retaliation. Dkts. 46–47.

To obtain summary judgment, the movant must show that there is "no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment should be denied if, when the party against whom summary judgment is sought is given the benefit of all permissible inferences . . ., a rational factfinder could resolve all material factual issues in favor of that party." *Soto v. Gaudett*, 862 F.3d 148, 157 (2d Cir. 2017) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A court is ordinarily obligated to afford a special solicitude to *pro se* litigants, particularly where motions for summary judgment are concerned." *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (cleaned up).

Here, the Court has reviewed the materials submitted by the parties. As is often true in cases raising allegations of retaliation, liability may turn on the strength of the testimony of the plaintiff and the assessment of the credibility of witnesses at trial. Here, neither side has invoked its right to a jury trial, and so this Court will decide those issues. Given the plaintiff's *pro se* status, the genuine disputes of material fact raised by the papers, and the fact that this Court will be weighing the evidence at trial as the finder of fact, summary judgment in favor of defendants is inappropriate. The parties should meet and confer and, by **May 12, 2025**, propose mutually agreeable dates for a two-day bench trial in the next six months.

For these reasons, defendants' motion for summary judgment is DENIED, without prejudice to the presentation of the issues raised at trial. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 46.

SO ORDERED.

Dated: May 6, 2025
New York, New York

                                                  ARUN SUBRAMANIAN
                                                  United States District Judge